UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Reginald Brooks, # 295842, | ) C/A No. 4:12-2147-TLW-TER <br> ) <br> ) |
|       Plaintiff, | ) <br> ) |
| vs. | ) REPORT AND RECOMMENDATION <br> ) |
| The City of Columbia, S.C.; <br> County of Richland, S.C.; <br> Pop's New York Pizza Wings & Hoagies; <br> The South Carolina Department of Corrections; <br> James Frank League; <br> P. J. Myers; <br> B. Agbill; <br> Officer River; <br> Cole G. Dow; <br> J. White, Officer; <br> Officer McSwain; <br> Chief of Police; <br> Warren B. Giese; <br> Dolly Justice Garfield; <br> Douglas Strickler; <br> John R. Bailey; <br> Investigator McNeely; <br> Director Byars, <br> Warden Padula; <br> Warden McCall; <br> Associate Warden Nolan; <br> Entire Staff of Officers; <br> Entire Inmate population of Lee CI; <br> Dr. Pollock; <br> Counselor Breon, and <br> Counselor Dennis, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
|       Defendants. | ) <br> ) |

  This is a civil action filed *pro se* by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See*

28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

Thomas Reginald Brooks ("Plaintiff") is an inmate at Lee Correctional Institution, part of the South Carolina Department of Corrections ("SCDC") prison system. In the Complaint submitted in this case (ECF No. 1), Plaintiff alleges two distinct types of claims against two distinct groups of Defendants: 1) a group of persons and entities integrally involved in the investigation and prosecution of the armed robbery conviction that resulted in his current incarceration, and 2) a group of persons and entities with responsibility over and/or involvement with the conditions of Plaintiff's current confinement. With regard to the first group of Defendants, Plaintiff asserts that he was subjected to false imprisonment, malicious prosecution (perjured testimony, false evidence, improper identification, etc.), and other federal constitutional violations because of the allegedly unconstitutional activities of the victim, law enforcement officers, prosecutors, and public defenders resulting in his ultimate conviction and seven-year sentence. (ECF No. 1, Compl. 4-7). He asks this court to award him damages from these persons and entities and to direct that they stop harassing and defaming Plaintiff and to assist him in making a better life for himself upon his release from prison. (ECF No. 1, Compl. 16).

With regard to the remaining Defendants, all of whom have some connection to SCDC and Lee Correctional Institution, Plaintiff alleges that his constitutional rights are being violated by his placement at Lee Correctional Institution. He asserts that Lee is a dangerous place and the Defendants have failed to maintain control, security, and order, leading him to fear for his safety. He alleges that as a result, he suffers mental distress. Plaintiff does not allege that he has suffered any kind of *physical* injury since being housed at Lee except for an allegation that he was wrongfully subjected to a disciplinary violation prosecution by "the administration" and "the mental health staff" that resulted in an undisclosed period of segregation from

the general population and loss of privileges. (ECF No. 1, Compl. 7-14). Finally, he alleges a medical indifference claim again "Ms. Breon" with regard to treatment for drug addiction.

Plaintiff's allegations about the problems at Lee are conclusory, general allegations directed toward alleged incompetence of staff in keeping security, order and control at Lee. Also, despite rambling references to the legal doctrine of "respondent superior" and to other aspects of applicable law, Plaintiff attempts to sue Defendants that he calls "Entire Staff of Officers" and "Entire Inmate population of Lee CI" for the allegedly dangerous conditions that he asserts violate his constitutional rights. He asks this court to order the SCDC Defendants to institute a transfer for him to a different institution and to award him compensatory and punitive damages. (ECF No. 1, Compl. 16).

## **INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller*

3

*v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## **DISCUSSIOIN**

Plaintiff's Complaint involves 1) assertions of false imprisonment/malicious prosecution and constitutional violations in connection with a criminal prosecution in state court that resulted in Plaintiff's incarceration, and 2) assertions of constitutional violations (cruel and unusual punishment and medical indifference) arising from the conditions of his SCDC confinement. He cites to 42 U.S.C. § 1983 as the basis for his claims for damages and injunctive and declaratory relief. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). However, the allegations contained in the Complaint fail to state a viable § 1983 against any Defendant for several reasons.

Initially, purely private conduct such as that alleged against Defendants Pop's New York Pizza Wings & Hoagies and its employee James Frank League in this case, which consisted of their report of a crime against the business and their responses to the investigation of the crime by law enforcement no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983.

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); see *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980). Because the United States Constitution regulates only the government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state

action." *See, e.g.*, *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. at 937; *see U. S. v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen Helpers of Am., AFL-CIO*, 941 F.2d 1292 (2d Cir.1991). There are no allegations in Plaintiff's Complaint which attribute any of these two Defendants' actions to state action; therefore, no viable § 1983 claim is stated against Defendants Pop's New York Pizza Wings & Hoagies and its employee James Frank League.

Moreover, no viable § 1983 claim is stated against any of the Defendants who were involved in the investigation and prosecution of Plaintiff's armed robbery case in state court due to the doctrine stated in *Heck v. Humphrey*, 512 U.S. 477 (1994). These Defendants include the two private persons previously discussed, the City of Columbia, P. J. Meyers, B. Agbill, Officer River, Cole G. Dow, J. White, Officer McSwain, Chief of Police, Warren B. Giese, Douglas Strickler, John R. Bailey, and Investigator McNeely. With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges, the United States Supreme Court stated:

> We hold that, in order to recover damages [or other relief][1] for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the

---

[1] *See Johnson v. Freeburn*, 29 Fed. Supp.2d 764, 772 (S.D. Mich. 1998)(under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997)(injunctive relief sought).

> invalidity of his conviction or sentence; if it would, the complaint must be
> dismissed unless the plaintiff can demonstrate that the conviction or sentence
> has already been invalidated.

*Heck*, 512 U.S. at 486-87. By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred.

*Heck* does not apply in the context of claims of unconstitutionality in *on-going* criminal cases. *Wallace v. Kato*, 549 U.S. 384 (2007). However, since this case involves an already completed criminal trial and complaints about how it was conducted, *Wallace* is inapplicable and *Heck* controls. As a result, no viable § 1983 claim nor any other claim arising under federal question jurisdiction is stated against Defendants Pop's New York Pizza Wings & Hoagies, James Frank League, City of Columbia, P. J. Meyers, B. Agbill, Officer River, Cole G. Dow, J. White, Officer McSwain, Chief of Police, Warren B. Giese, Douglas Strickler, John R. Bailey, and Investigator McNeely.

Finally, Plaintiff's rambling, conclusory, and collective allegations about the conditions of his confinement fail to state a viable § 1983 claim (or any other federal claim) against the remaining SCDC-related Defendants: Byars, Padula, McCall, Nolan, Entire Staff of Officers, and Entire Inmate population of Lee C. I. Insofar as it attempts to impose liability on any of these Defendants under § 1983, the Complaint submitted by Plaintiff is subject to summary dismissal because it is in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "short and plain statement[s]" of the basis for the court's jurisdiction and of the basis for Plaintiff's claims against Defendants. While the "liberal pleading requirements" of Rule 8(a) only require a "short and plain" statement of the claim, the plaintiff must "offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted). It is true that we are bound to liberally construe Plaintiff's *pro se* Complaint, but Plaintiff must do more than make mere conclusory statements to support his claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *see Adams v. Rice*, 40 F.3d

72 (4th Cir. 1994)(affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989)(same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for *pro se* litigants. *See Beaudett v. City of Hampton*, 775 F.2d at 1278); *Gordon v. Leeke*, 574 F.2d at 1151. In order to assert a viable § 1983 claim against any particular public official, a "causal connection" or "affirmative link" must exist between the conduct of which the plaintiff complains and the official sued. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir.1983). A plaintiff, such as Plaintiff is this case, suing government officials and employees in their individual capacities and thereby seeking to hold the officials or employees personally liable must show that the official *personally* caused or played a role in causing the deprivation of a federal right. *See Graham*, 473 U.S. at 166. Also, the use of collective terms to name a group of defendants fails to state a viable § 1983 claim against any member of such group because the collective term does not name a "person" subject to liability under § 1983. *Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008).

Plaintiff's Complaint contains lengthy expositions on certain "legal issues" such as "under color of state law" and "respondent superior" and extensive allegations about the alleged shortcomings in the conditions of his confinement (security) and the health care he is receiving. However, the allegations fail to meet the dictates of *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). He alleges generally that the staff at Lee is incompetent and the inmates are out of control, but does not provide any kind of specific, factual allegations necessary to maintain a §1983 claim against the named Defendants. Also, even though he asserts that he was improperly charged with and convicted of an inmate disciplinary violation, he does not state which Defendant charged

him with the violation, tried him, or was otherwise in control of the process. As a result of Plaintiff's conclusory allegations and his use of collective terms such as "the administration" or "the entire staff" or "state classification," it is impossible to determine which, if any, allegations of wrongdoing are made with respect to each Defendant. Finally, his medical indifference claim consists of conclusory, general allegations that fail to allege the basic elements of a constitutional medical indifference claim.

The lack of factual allegations of specific wrongdoing attributable to specific SCDC-related Defendants renders the Complaint subject to dismissal. In absence of a viable § 1983 claim against any named Defendant and with no other viable federal claim evident on the face of the pleading, the Complaint should be summarily dismissed as to all Defendants.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice. See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

October 30, 2012  
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).